# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA a/s/o UNIFIED SCHOOL DISTRICT NO. 229, JOHNSON COUNTY, STATE OF KANSAS, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION<br>)<br>) Case No. 10-2693-CM |
| STRESSCRETE, INC., | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM AND ORDER

This diversity action arises out of the collapse of two pre-stressed concrete light poles that were installed at Blue Valley West High School. Plaintiff Travelers Property and Casualty Company of America insured the school district of the high school—Unified School District No. 229, Johnson County, State of Kansas ("Blue Valley"). Plaintiff paid Blue Valley for the damage caused by the two light poles. Plaintiff, as subrogee of Blue Valley, now seeks to recover damages from defendant Stresscrete, Inc., who was the supplier/materialmen of the light poles.

The case is before the court on Defendant Stresscrete, Inc.'s Motion to Dismiss (Doc. 10). Defendant claims that the court lacks jurisdiction over the case because there is no diversity of citizenship. According to defendant, Blue Valley is the real party in interest, as plaintiff is only partially subrogated to the rights of Blue Valley. Defendant claims this is a case of partial subrogation instead of full subrogation because Blue Valley purchased fourteen light poles—not just the two that collapsed. Blue Valley is now engaged in another lawsuit against its contractor, Titan Construction Organization, Inc. ("Titan"), to recover for all fourteen light poles. In that case, Titan

brought a third-party claim against defendant Stresscrete. Defendant argues that if this case is allowed to proceed, it may be subject to double liability for the two light poles.

The issue before the court is whether plaintiff's payment for the damage caused by two light poles makes plaintiff fully subrogated to Blue Valley's rights. The United States Supreme Court has stated:

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949) (citation omitted). Likewise, under Kansas law, "where the total loss has been paid by the insurer, the insurer is the real party in interest and must bring the action against the wrongdoer; conversely, where the insured has only been partially reimbursed for the loss, it is the proper party to bring suit against the wrongdoer for the entire loss." *Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 136 P.3d 428, 439 (Kan. 2006). In a partial reimbursement situation, the insured holds any recovery for the insured part of the loss in trust for the insurer. *Id.* More importantly for purposes of the motion before the court, where there is only partial subrogation, the court looks at the citizenship of both the insurer and the insured when determining whether it has jurisdiction over the case. *Pepsico Do Brasil, Ltda v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008).

In this case, whether plaintiff is fully or partially subrogated matters because Blue Valley is a citizen of Kansas. Defendant Stresscrete is also a citizen of Kansas. If the court considers Blue Valley's citizenship, therefore, the court lacks diversity jurisdiction over the case.

The court determines that there has been only partial subrogation in this case. Although

plaintiff paid the full claim for the two light poles, Blue Valley now seeks recovery for all fourteen poles. Defendant Stresscrete is also involved in the other case and could be subject to double liability. Because plaintiff has only paid for part of the loss for fourteen poles, the court must consider the citizenship of Blue Valley when examining its jurisdiction over this case. Both Blue Valley and defendant Stresscrete are citizens of the state of Kansas, making diversity jurisdiction improper. The court respectfully disagrees with plaintiff's argument that Blue Valley has "refused" to bring suit to recover the full loss. The case cited by plaintiff, *Grain Dealers' Mutual Fire Ins. Co. v. Missouri, K. & T. Ry. Co.*, 157 P. 1187 (Kan. 1916), is inapplicable, and does not require this court to assert jurisdiction over the case.

**IT IS THEREFORE ORDERED** that Defendant Stresscrete, Inc.'s Motion to Dismiss (Doc. 10) is granted. The case is dismissed for lack of jurisdiction.

Dated this 3rd day of May 2011, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**